NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GARCIA, Deceased, through his Co-Successors In Interest, AG and EG; et al., | No. 23-15056 |
| Plaintiffs-Appellants, | D.C. No. 4:21-cv-03519-HSG |
| v. | MEMORANDUM* |
| COUNTY OF NAPA; DAVID ACKMAN, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted April 3, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

This action arises out of the fatal shooting of Juan Garcia by Sergeant David

Ackman of the Napa County Sheriff's Office after a traffic stop. The district court

dismissed the claim against the County under *Monell v. Department of Social*

*Services of City of New York*, 436 U.S. 658 (1978), pursuant to Federal Rule of Civil

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Procedure 12(b)(6), granted summary judgment to Ackman on the remaining federal claims, and declined to exercise supplemental jurisdiction over the pendant state claims. We affirm.

1. The Supreme Court has instructed that police officers "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (cleaned up). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (cleaned up). "Plaintiffs must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful." *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017). A court has the "discretion to resolve a case only on the second ground." *O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021).

We agree with the district court that plaintiffs failed to identify a prior case that meets the Supreme Court's requirements. *S.R. Nehad v. Browder*, 929 F.3d 1125 (9th Cir. 2019), on which plaintiffs primarily rely, although involving a shooting after an investigatory stop, is not such a case. *See id.* at 1130. In *Nehad*, the shooting occurred only five seconds after the officer exited his car. *Id.* Here,

2

during a longer incident, Garcia ignored commands to return to his car after the traffic stop, and then advanced on Sergeant Ackman with one hand behind his back, ignoring repeated commands to stop. Garcia continued to advance even after Ackman retreated around his patrol car to avoid an encounter. Moreover, there was a factual dispute in *Nehad* about whether the officer reasonably perceived a pen in the suspect's hand to be a knife. *Id.* at 1131. In *Nehad*, the officer could see the hand holding the pen, but here, the officer could not see Garcia's right hand, and feared that he was reaching for a weapon behind his back. Given these factual differences, *Nehad* does not "articulate[] a constitutional rule specific enough to alert" Ackman that his conduct was unlawful, *Sharp*, 871 F.3d at 911, and plaintiffs cite no other case that meets this standard. The district court did not err in granting summary judgment on the excessive force against Ackman.

2. Official conduct must "shock the conscience" to create a First and Fourteenth Amendment claim for loss of familial association. *Porter v. Osborn*, 546 F.3d 1131, 1142 (9th Cir. 2008). If an officer "makes a snap judgment because of an escalating situation, his conduct may be found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). Because no evidence established that Ackman shot Garcia "for any other purpose than" a "(possibly mistaken) perception

3

of the need for self-defense," *Peck v. Montoya*, 51 F.4th 877, 894 (9th Cir. 2022), the district court also did not err in rejecting the familial association claim.

3. The district court originally dismissed the plaintiffs' *Monell* claim against the County, for failure to state a claim, but granted leave to amend by a specified date. The plaintiffs did not move to amend by that date or by the deadline in the court's scheduling order for amendment of pleadings.

The district court did not abuse its discretion in denying the plaintiffs' subsequent untimely motion for leave to amend. After the deadline in a scheduling order, one seeking amendment of a pleading must establish "good cause." Fed. R. Civ. P. 16(b)(4). The district court reasonably found this standard unsatisfied because plaintiffs should have been aware of the facts alleged in the proposed amended complaint well before they filed their motion.

4. Because we affirm the district court's dismissal of the federal claims, we hold that the district court did not abuse its discretion in declining to address the pendant state claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

**AFFIRMED.**

4